GENERAL COUNSEL

*Texas Department of Transportation*

125 E 11TH STREET·AUSTIN TX 78701-2483

7011 0470 0002 1476 7188

41360
James Strickler
201 Reindl Dr.
Crestline, OH 44827-1137



## Texas Department of Transportation

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8630 | WWW.TXDOT.GOV

August 6, 2015

James Strickler
201 Reindl Dr.
Crestline, OH 44827-1137

Re:    OGC No. 41360
       Cause No. 2015CVT002392 D4
       Webb County
       Plaintiff: Juan Torres, et al
       Defendant: James Strickler

Mr. Strickler:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiffs' Original Petition with Jury Demand and Attached Request for Disclosure, Interrogatories, Request for Admission, and Request for Production on August 3, 2015.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

Office of General Counsel

Enclosures

cc:    Kacie Starr
       Attorney at Law
       5826 IH-10 West
       San Antonio, TX 78201
       Telephone (210) 233 6904

U.S. Certified Mail No. 7011 0470 0002 1476 7188
Return Receipt Requested

"SERVE"
2015CVT002392 D4

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION WITH JURY DEMAND AND ATTACHED REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR ADMISSION AND REQUEST FOR PRODUCTION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   JAMES STRICKLER
      BY SERVING THE CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION, TED HOUGHTON
      125 E. 11TH STREET
      AUSTIN, TX  78701-2483    WHO SHALL FORWARD BY CERTIFIED MAIL TO

      JAMES STRICKLER
      201 REINDL DR
      CRESTLINE,    OH 44827-1137

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVT002392 D4 , styled:

JUAN RODRIGUEZ AND JORGE TORRES, PLAINTIFFS
VS.
JAMES STRICKLER, EMPIRE EXPRESS, INC. AND
EMPIRE TRANSPORTAION, INC.,, DEFENDANTS

Said Plaintiff's Petition was filed on 07/13/2015 in said court by:
      KACIE STARR, ATTORNEY FOR PLAINTIFF
      5826 IH-10 WEST
      SAN ANTONIO,   TX 78201

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 20 day of July, 2015.

### C L E R K   O F   C O U R T

CALENDAR CALL SET FOR:
10/14/2015    2:00 P.M.

**RECEIVED**

AUG 03 2015

**GENERAL COUNSEL**

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____   DEPUTY
      DIANA VELA

2015CVT002392 D4

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within
named **JAMES STRICKLER,** each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first
attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS


BY _____

DEPUTY

**THE STATE OF TEXAS** }
**COUNTY OF WEBB**      }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/her delivered to _____
on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____

NOTARY PUBLIC

MY COMMISSION EXPIRES _____



# Oscar J. Hale, Jr.

### State District Judge

406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

July 15, 2015

CAUSE NO.:     2015CVT002392 D4

STYLE:     JUAN RODRIGUEZ AND JORGE TORRES

VS

JAMES STRICKLER, EMPIRE EXPRESS, INC.
AND EMPIRE TRANSPORTATION, INC.

Please take NOTICE that this case is set for **CALENDAR CALL** on ___10/14/2015___ at 2 :00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC:

Filed
7/13/2015 2:00:05 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2015CVT002392D4

NO._____

| | | |
|---|---|---|
| JUAN RODRIGUEZ and JORGE TORRES, Plaintiffs, | § § § § § § § | IN THE DISTRICT COURT |
| Vs. | § § § § | \_\_\_\_ JUDICIAL DISTRICT |
| JAMES STRICKLER, EMPIRE EXPRESS, INC. and EMPIRE TRANSPORTATION, INC., Defendants. | § § § § § | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH JURY DEMAND AND ATTACHED RE-QUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR ADMISSION, AND REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JUAN RODRIGUEZ** and **JORGE TORRES**, hereinafter called Plain-tiffs, complaining of Defendants, **JAMES STRICKLER, EMPIRE EXPRESS, INC.** and **EMPIRE TRANSPORTATION, INC.,** hereinafter called Defendants, and for cause of action show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend that discovery be conducted under Discovery Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.

### ATTACHED DISCOVERY

Attached, please find Plaintiffs' Requests for Disclosure; Plaintiff, JUAN RODRIGUEZ's First Set of Interrogatories, Plaintiffs' Request for Production; and Plaintiffs'

RECEIVED

AUG 03 2015

GENERAL COUNSEL

Request for Admissions to Defendants, JAMES STRICKLER, EMPIRE EXPRESS, INC., and EMPIRE TRANSPORTATION, INC.

### III.

### PARTIES AND SERVICE

Plaintiffs are residents of Webb County, Texas.

Defendant **JAMES STRICKLER** is a resident of Crawford County, Ohio. Service upon Defendant **JAMES STRICKLER** may be made pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.061 - 17.069 and the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041, by service upon the Chairman of the Texas Transportation Commission, Ted Houghton, 125 E. 11th Street, Austin, Texas 78701-2483, who shall then forward the citation and petition to Defendant **JAMES STRICKLER**, by certified mail, return receipt requested to his residence address: **201 REINDL DR., CRESTLINE, OH 44827-1137.**

Defendant **EMPIRE EXPRESS, INC.,** is a limited liability company, doing business in the State of Texas. Service upon Defendant **EMPIRE EXPRESS, INC.,** may be made pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.061 - 17.069 and the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041, by service upon the Chairman of the Texas Transportation Commission, Ted Houghton, 125 E. 11th Street, Austin, Texas 78701-2483, who shall then forward the citation and petition to Defendant **EMPIRE EXPRESS, INC's** registered agent **TIMOTHY H. GATLIN**, by certified mail, return receipt requested to registered agent's listed address: **10001 BENTWOOD TREE CV, COLLIERVILLE, TN 38017-9013.**

Defendant **EMPIRE TRANSPORTATION, INC.,** is a limited liability company, doing business in the State of Texas. Service upon Defendant **EMPIRE TRANSPORTATION, INC.,** may be made pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.061 - 17.069 and the

Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041, by service upon the Chairman of the Texas Transportation Commission, Ted Houghton, 125 E. 11th Street, Austin, Texas 78701-2483, who shall then forward the citation and petition to Defendant **EMPIRE TRANSPORTATION, INC's** registered agent **TIMOTHY H. GATLIN**, by certified mail, return receipt requested to registered agent's listed address: **10001 BENTWOOD TREE CV, COLLIERVILLE, TN 38017-9013.**

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 28, if any Defendant to this suit has been incorrectly named it is instructed to answer suit in its proper name.

IV.

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over Defendants because Defendants conduct business in the State of Texas, and/or because all or a substantial portion of the events that made basis of this suit occurred in this county. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

V.

## FACTS

On or about January 2, 2014, Plaintiffs JUAN RODRIGUEZ and JORGE TORRES were traveling north on 14100 FM 1472 Rd., in Laredo, Webb County, Texas. At that time, Defendant JAMES STRICKLER, rear-ended Plaintiffs' vehicle while in the course and scope of his employment with Defendant EMPIRE EXPRESS, INC., and/or EMPIRE TRANSPORTATION, INC. Defendant JAMES STRICKLER caused Plaintiffs to suffer serious injuries and other damages.

Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., hired JAMES STRICKLER. Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANS-

3

PORTATION, INC., failed to consult reasonable sources of information to learn about JAMES STRICKLER's qualifications and driving abilities. Because of EMPIRE EXPRESS, INC., and/or EMPIRE TRANSPORTATION, INC.'s, failure, JAMES STRICKLER was allowed to drive on the open roadways and injure Plaintiffs. Defendants EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., then failed to adequately supervise and monitor JAMES STRICKLER. Had EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., done so, they would not have retained JAMES STRICKLER and Plaintiffs would not have been injured.

## VI.

## NEGLIGENCE AGAINST JAMES STRICKLER

Defendant JAMES STRICKLER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiffs' injuries were proximately caused by Defendant JAMES STRICKLER's negligent and careless disregard of said duty.

The negligent and careless disregard of duty of Defendant JAMES STRICKLER consisted of, but is not limited to, the following acts and omissions:

A.    In that Defendant JAMES STRICKLER failed to keep a proper lookout for Plaintiffs' safety;

B.    In that Defendant JAMES STRICKLER failed to take reasonable evasive action so as to avoid the collision complained of herein;

C.    In that Defendant JAMES STRICKLER failed to maintain a clear and reasonable distance between Plaintiffs' motor vehicle and Defendant JAMES STRICKLER's motor vehicle, which would permit Defendant JAMES STRICKLER, to bring his motor vehicle to a safe stop without colliding into Plaintiffs' motor vehicle in violation of Section 545.062(a) of the Texas Transportation Code;

D.    In that Defendant JAMES STRICKLER failed to drive as reasonable and prudent as a person(s) would have driven under the same or similar circumstances;

4

E.      In that Defendant JAMES STRICKLER failed to pay attention in his driving as a person using ordinary prudent care would have done in a similar situation;

F.      In that Defendant JAMES STRICKLER was operating his motor vehicle at an unsafe speed than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

G.      In that Defendant JAMES STRICKLER failed to control his speed, in violation of Section 545.351 (a)(b)(1 & 2) of the Texas Transportation Code; and/or

H.      In that Defendant JAMES STRICKLER failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done.

TEX. TRANS. CODE ANN. § 545.062 (a) provides that, "an operator shall, if following another vehicle, maintain as assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

TEX. TRANS. CODE ANN. § 545.351 (a) provides that, "an operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing; and (b) an operator: (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

Plaintiffs were within the class of persons designed to be protected by such statutes. As such, Defendant JAMES STRICKLER's conduct on the occasion in question constituted **negligence** *per se*, that is, negligence as a matter of law.

## VII.

## EMPIRE EXPRESS, INC., and/or EMPIRE TRANSPORTATION, INC., RESPONDEAT SUPERIOR

Defendant JAMES STRICKLER was within the course and scope of employment for De-

5

fendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., immediately prior and at the time of the occurrence of the act in question. Defendant JAMES STRICKLER was engaged in the furtherance of Defendant EMPIRE EXPRESS, INC., and/or EMPIRE TRANSPORTATION, INC., business immediately prior and at the time of the occurrence of the act in question.

At the time of the occurrence of the act in question and immediately prior thereto, JAMES STRICKLER was engaged in accomplishing a task for which JAMES STRICKLER was employed.

Plaintiffs invokes the doctrine of *Respondeat Superior* against Defendant EMPIRE EXPRESS, INC., and/or EMPIRE TRANSPORTATION, INC.

## VIII.

## NEGLIGENT ENTRUSTMENT AGAINST EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC.

On January 2, 2014, Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANS-PORTATION, INC., was the owner or lessor of the vehicle operated by JAMES STRICKLER.

Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., en-trusted the vehicle to Defendant JAMES STRICKLER, a reckless and incompetent driver. De-fendant JAMES STRICKLER was in the course and scope of his employment with Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., at the time of the colli-sion.

Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., knew, or through the exercise of reasonable care should have known, that Defendant JAMES STRICKLER was a reckless and/or incompetent driver.

As described, Defendant JAMES STRICKLER was negligent on the occasion in question. Defendant JAMES STRICKLER's negligence was the proximate cause of Plaintiffs' damages.

## IX.

## NEGLIGENT HIRING AGAINST EMPIRE EXPRESS, INC. AND/OR EMPIRE TRANSPORTATION, INC.

Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., owed the Plaintiffs a legal duty to hire, supervise, train, or retain competent employees.

Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC., breached that duty by:

1. Hiring Defendant JAMES STRICKLER;

2. Failing to inquire into Defendant JAMES STRICKLER's competence and qualifications;

3. Failing to adequately supervise Defendant JAMES STRICKLER;

4. Failing to adequately train Defendant JAMES STRICKLER; and/or

5. Failing to exercise reasonable care in retaining Defendant JAMES STRICKLER as an employee;

Defendant EMPIRE EXPRESS, INC. and/or EMPIRE TRANSPORTATION, INC.'s, forgoing actions and omissions, both collective and respectively, proximately caused the Plaintiffs' injuries and damages.

## X.

## DAMAGES

Plaintiffs seek to recover the following elements of damages, which were proximately caused by Defendants' negligence and/or gross negligence:

A.    Reasonable medical care and expenses in the past.

7

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Loss of earnings in the past;

H.   Loss of earning capacity which will be, in all probability, incurred in the future;

I.   Disfigurement in the past;

J.   Disfigurement in the future;

K.   Mental anguish in the past;

L.   Mental anguish in the future;

M.   Cost of medical monitoring and prevention in the future; and

Plaintiffs also seek to recover punitive damages, prejudgment interest, post-judgment interest, and court costs. Plaintiffs' damages exceed the Court's jurisdictional minimum.

## XI.

## PLAINTIFFS' DESIGNATION OF TRCP 47(b) & (c) MONETARY RELIEF

Plaintiffs believe that the amount of damages to which they are entitled should be determined by a jury of their peers.  However, in compliance with the Texas Rules of Civil Procedure, Plaintiffs would show the Court that (1) the damages sought are within the jurisdictional limits of the Court, and (2) the monetary relief sought by the Plaintiffs is more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest

and attorney fees.  Plaintiffs plead for such relief to allow the jury the necessary discretion to award damages in the amount it sees fit.

## XII.

## REQUESTS FOR DISCLOSURE TO ALL DEFENDANTS

Plaintiffs request that Defendants disclose, within 50 days of the service of this petition and request, the information or material described in 1) TRCP 194.2(a)—(l) and (2) pursuant to TRCP 190.2 (c)(6), all documents, electronic information and tangible items that the Defendants have in their possession, custody or control and may use to support its claims and/or defenses.

## XIII.

## REQUESTS FOR ADMISSIONS TO ALL DEFENDANTS

Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiffs propound the following Requests for Admissions to all Defendants. Defendants' responses are due within fifty (50) days from the date of service thereof.

## REQUEST FOR ADMISSION NO. 1:

That you (JAMES STRICKLER) were driving a 2013 Peterbilt with License Plate No. K517HZ on the date of the collision made the basis of this suit.

ANSWER:

## REQUEST FOR ADMISSION NO. 2:

That the vehicle driven by you was being operated by you with the permission of its registered owner(s), lessor(s), on the date of the collision made the basis of this suit.

ANSWER:

## REQUEST FOR ADMISSION NO. 3:

That the vehicle driven by you was owned by you and was under the operation and control of

9

you, acting within the course and scope of any employment, service or agency at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 4:**

That the vehicle driven by you was owned by your employer and was under your operation and control, acting within the course and scope of any employment, service or agency at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 5:**

That your actions were the sole cause of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 6:**

That the vehicle driven by you was in a dangerous or unsafe condition, to wit: the brakes in the vehicle were defective at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 7:**

That you failed to maintain a proper lookout at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 8:**

That you, at the time of the collision made the basis of this suit, failed to maintain a safe distance from Plaintiffs' vehicle(s) so as not to cause a collision with Plaintiffs' vehicle(s).

ANSWER:

**REQUEST FOR ADMISSION NO. 9:**

That immediately prior to impact, you failed to apply proper braking of your vehicle in an effort to avoid the collision complained of.

ANSWER:

**REQUEST FOR ADMISSION NO. 10:**

That immediately prior to impact, you failed to execute proper evasive action to demonstrate your intent to avoid the collision complained of.

ANSWER:

**REQUEST FOR ADMISSION NO. 11:**

That Plaintiffs were injured as a result of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiffs received reasonable and necessary medical treatment for the injuries he sustained as a result of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 13:**

Admit that the charges for Plaintiffs' medical treatment, for the injuries they sustained as a result of the collision made the basis of this lawsuit, were reasonable and necessary for the types of services provided to him in the Webb County, Texas, area.

ANSWER:

**REQUEST FOR ADMISSION NO. 14:**

That you have no basis to assert as a defense or affirmative defense to this lawsuit for: "lack of service of process."

ANSWER:

**REQUEST FOR ADMISSION NO. 15:**

That you have no basis to assert as a defense or affirmative defense to this lawsuit: "lack of personal jurisdiction."

ANSWER:

**REQUEST FOR ADMISSION NO. 16:**

That Plaintiffs offered your employer's insurance company an opportunity to settle Plaintiffs' claims within the insurance policy limits.

11

ANSWER:

## REQUEST FOR ADMISSION NO. 17:

That at the time of the crash made the basis of this lawsuit you were under the influence of drugs or narcotics.

ANSWER:

## REQUEST FOR ADMISSION NO. 18:

That at the time of the crash made the basis of this lawsuit you were covered/insured with automobile liability insurance.

ANSWER:

## REQUEST FOR ADMISSION NO. 19:

That at the time of the collision made the basis of this suit, you were acting within the course and scope of your employment with EMPIRE EXPRESS, INC.

ANSWER:

## REQUEST FOR ADMISSION NO. 20:

That at the time of the collision made the basis of this suit, you were acting within the course and scope of your employment with EMPIRE TRANSPORTATION, INC.

ANSWER:

## REQUEST FOR ADMISSION NO. 21:

Admit that Plaintiffs suffered injuries in a motor vehicle collision as a result of being struck by an employee of EMPIRE EXPRESS, INC., on the date in question.

ANSWER:

## REQUEST FOR ADMISSION NO. 22:

Admit that Plaintiffs suffered injuries in a motor vehicle collision as a result of being struck by an employee of EMPIRE TRANSPORTATION, INC., on the date in question.

ANSWER:

## REQUEST FOR ADMISSION NO. 23:

Admit that EMPIRE EXPRESS, INC., is a proper party to this suit.

ANSWER:

## REQUEST FOR ADMISSION NO. 24:

Admit that EMPIRE TRANSPORTATION, INC., is a proper party to this suit.

ANSWER:

## REQUEST FOR ADMISSION NO. 25:

Admit EMPIRE EXPRESS, INC., entrusted the 2013 Peterbilt with License Plate No. K517HZ involved in the wreck at issue in this lawsuit to Defendant JAMES STRICKLER.

ANSWER:

## REQUEST FOR ADMISSION NO. 26:

Admit EMPIRE TRANSPORTATION, INC., entrusted the 2013 Peterbilt with License Plate No. K517HZ involved in the wreck at issue in this lawsuit to Defendant JAMES STRICKLER.

ANSWER:

## REQUEST FOR ADMISSION NO. 27:

Admit defendant JAMES STRICKLER was in the course and scope of employment with EM-PIRE EXPRESS, INC.

ANSWER:

## REQUEST FOR ADMISSION NO. 28:

Admit defendant JAMES STRICKLER was in the course and scope of employment with EM-PIRE TRANSPORTATION, INC.

ANSWER:

## XIV.

## PLAINTIFF JUAN RODRIGUEZ'S FIRST SET OF INTERROGATORIES TO DEFENDANT JAMES STRICKLER

**INTERROGATORY NO. 1:** Please state your full and complete name, any "CB" radio name or "handle" and other nicknames you have ever used, date of birth, social security number, your present home address, residence and cellular telephone number and, if different, your complete home address and telephone number at the time of the incident.

13

ANSWER:

**INTERROGATORY NO. 2:** Please identify your employer (include the complete name, current address, and current telephone number) at the time of the incident; and specify whether this employer is your current employer.

ANSWER:

**INTERROGATORY NO. 3:** In reference to the trip you were making and/or the cargo you were transporting at the time of the incident, please provide the following information:

(a)     The exact location of your point of origin departure (before you picked up the cargo);
(b)     The exact date and approximate time of your point of origin departure;
(c)     The exact location of your cargo pickup
(d)     The exact date and approximate time of your cargo pickup;
(e)     If you signed any documents upon pickup of the cargo, please identify those documents;
(f)     If you did not load the cargo, identify who loaded the cargo;
(g)     The exact date and approximate time of your departure from the pickup site;
(h)     The identity of the shipper of the cargo;
(i)     The intended cargo receiver's name(s), location(s) and date(s) and approximate time(s) you expected the cargo to be delivered;
(j)     If the cargo was delivered after the incident, identify who delivered the cargo and on what date(s); and
(k)     The owner of the truck and trailer you were in at the time of the collision.

ANSWER:

**INTERROGATORY NO. 4:** Did the company who employed you at the time of the incident ever give you any written or oral examinations or tests to determine your driving qualifications? If yes, please describe the given tests, the material used to prepare for such tests, and the approximate dates of such tests.

ANSWER:

**INTERROGATORY NO. 5:** Describe the events leading up to the incident and the actual moment of the incident (i.e. what happened?).

ANSWER:

**INTERROGATORY NO. 6:** Did the company who employed you at the time of the incident ever require you to attend safety meetings? If yes, please state whether attendance was mandatory, the material used at the safety meetings, describe the topics discussed, who instructed the safety meetings, and the approximate dates of the safety meetings.

ANSWER:

14

**INTERROGATORY NO. 7:** Did the company under whom you were employed at the time of the incident ever provide any type of training regarding your job duties, including safety training? If so, please identify the type of training, person who conducted such training, the materials used for such training and the approximate dates and state whether you received any type of certificate of completion.

ANSWER:

**INTERROGATORY NO. 8:** Did you assist in any way or talk to the Plaintiffs following the incident? If so, please describe how you assisted the Plaintiffs and/or the substance of your conversation with them.

ANSWER:

**INTERROGATORY NO. 9:** Have you ever been convicted of a felony or a crime involving moral turpitude, been given a traffic citation, been in an automobile accident or had your driver's license revoked or suspended? If so, please explain the circumstances surrounding each in detail, the disposition of each matter, the county, city, state and the court you appeared for such matter. Please include any charges filed against you as a result of this incident.

ANSWER:

**INTERROGATORY NO. 10:** Have you ever been either a Plaintiff or Defendant in a lawsuit, other than this one? If so, for each such lawsuit, please provide the Cause Number; style/parties of the case; year, county and state where it was filed; and describe the current or final disposition of the matter.

ANSWER:

**INTERROGATORY NO. 11:** Do you contend that any acts and/or omissions of Plaintiff(s) or any other person contributed in any way to cause the collision made the basis of this suit? If so, then describe in detail the basis for such contention.

ANSWER:

**INTERROGATORY NO. 12:** Did you sustain an injury in the collision made the basis of this suit? If so, describe the injuries and identify any medical providers that diagnosed or treated such injuries and whether or not you're still treating for those injuries.

ANSWER:

**INTERROGATORY NO. 13:** Did you ingest any alcohol, drug or other substance in the 48 hours preceding the incident made the basis of this suit that might have affected in any way your mental condition or alertness at the time of said incident? If so, please explain fully.

ANSWER:

15

**INTERROGATORY NO. 14:** Describe any traffic citation you received as a result of the collision made the basis of this lawsuit, including the type of law violation cited for, the name and location of the Court involved, the cause number and style of any lawsuit arising from said collision (other than this one), and the disposition of the case.

ANSWER:

## XV.

## PLAINTIFF JUAN RODRIGUEZ'S FIRST SET OF INTERROGATORIES TO DEFENDANTS EMPIRE EXPRESS, INC. AND EMPIRE TRANSPORTATION, INC.

Plaintiff propounds the following Interrogatories pursuant to Rule 197 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiffs counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5.

**INTERROGATORY NO. 1:** Please state the company's full and complete name, its place of incorporation, principal place of business and what type of legal entity it is. And include the business address and telephone number at the time of the incident.

ANSWER:

**INTERROGATORY NO. 2:** Please specify in what capacity JAMES STRICKLER was hired and/or working for you. In other words, specify whether he was an officer, contractor, director, shareholder or employee. Additionally, state whether JAMES STRICKLER had permission to drive the truck she was driving at the time of the incident in question.

ANSWER:

**INTERROGATORY NO. 3:** Did you ever give your employees any written or oral examinations or tests to determine your driving qualifications? If yes, please describe the given tests, the material used to prepare for such tests, and the approximate dates of such tests.

ANSWER:

**INTERROGATORY NO. 4:** Have you ever been either a Plaintiff or Defendant in a lawsuit in Texas, other than this one? If so, for each such lawsuit, please provide the Cause Number; style/parties of the case; year, county and state where it was filed; and describe the current or final disposition of the matter.

ANSWER:

**INTERROGATORY NO. 5:** Did you require your employees to attend safety meetings? If yes, please state whether attendance was mandatory, the material used at the safety meetings, describe the topics discussed, who instructed the safety meetings, and the approximate dates of the safety meetings.

ANSWER:

**INTERROGATORY NO. 6:** Did you have written safety policies and procedures that your employees were required to follow? If yes, please identify those written safety policies and procedures.

ANSWER:

**INTERROGATORY NO. 7:** Was a drug or alcohol test administered within 24-hours of the incident in question? If so, what was the result of each test? If one was not administered, please state the reason.

ANSWER:

**INTERROGATORY NO. 8:** Please identify the person(s) responsible for hiring and qualifying drivers at your company. In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 9:** Please identify the person who was driving the vehicle that struck Plaintiffs' vehicle(s) on September 30, 2013. In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 10:** Was the person identified in response to Interrogatory 9 acting in the course and scope of employment, when the incident occurred? If not, state the general factual and legal bases for your contention that the person was not acting in the course and scope of employment with you.

ANSWER:

**INTERROGATORY NO. 11:** Please identify the supervisor(s) of the person identified in response to Interrogatory 9 for the time period beginning six months before the incident at issue in this lawsuit and ending on the date of the incident. In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 12**:   Please identify the individual or entity responsible for performing regular maintenance and/or repairs on the vehicle that was involved in the incident at issue in this lawsuit.   In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 13**:   Please identify all written materials provided to the person identified in response to Interrogatory 9 during his/her employment or contractual relationship with Ed Davenport, Inc.   In this Interrogatory, "identify" means to list the title, author, and short description of the written material.

ANSWER:

**INTERROGATORY NO. 14**:   Please describe your understanding of how the incident at issue in this lawsuit occurred.

ANSWER:

**INTERROGATORY NO. 15**:   As to each motor vehicle accident the person identified in response to Interrogatory 9 has been involved in and each traffic violation for which he/she has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept by Title 49, Code of Federal Regulations § 391.27:

a.   Where it occurred (State, City, county, Court).

b.   When it occurred (Month, Day, Year).

c.   All injuries claimed and when and where any claims or suits were filed.

d.   Final disposition or current status of each traffic violation and accident.

ANSWER:

## XVI.

## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Plaintiffs propound the following Requests for Production to Defendants JAMES STRICKLER, EMPIRE EXPRESS, INC., and EMPIRE TRANSPORTATION, INC., pursuant to Rule 196. You are instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due

within 50 days of service of these Requests for Production.  You are asked to supplement your

responses as required under the Texas Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 1:

Produce copies of your current driver's license and any other driver's licenses in your posses-
sion.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 2:

Any cell phone bills that would show whether or not you were using a cell phone on the date of
the incident at issue in this lawsuit. This request includes, but is not limited to, cell phone bills
for the day of the incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 3:

Any video, audio or photos (color copies specifically requested) of the Plaintiff(s).

RESPONSE:

## REQUEST FOR PRODUCTION NO. 4:

Color copies of all photos taken in connection with Plaintiffs' cause of action.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 5:

Color copies of all photos of the crash scene or the surrounding area of the scene.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 6:

Color copies of all photos of any vehicle involved in the collision at issue in this lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 7:

All photographs of the scene of the incident at issue in this lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 8:

Any and all drawings, maps, or sketches of the scene of the wreck made the basis of the suit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 9:

All documents obtained by virtue of service of a subpoena or deposition on written questions obtained in this cause.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 10:

All oral statements made by Plaintiff and/or Defendant(s) which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant(s), Defendants' attorney(s) or anyone acting on Defendants' behalf.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 11:

A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff, which is in the possession, constructive possession, custody or control of Defendant(s), Defendants' attorney(s) or anyone acting on Defendants' behalf.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 12:

All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant(s) advise Plaintiff accordingly and reduce such material to a tangible form).

RESPONSE:

## REQUEST FOR PRODUCTION NO. 13:

A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 14:

Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant(s), as a result of the crash which has been made the basis of Plaintiff's lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 15:

Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant(s) that Defendant(s) prepared as a result of the crash made the basis of Plaintiffs' lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 16:

Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the crash made the basis of Plaintiffs' lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 17:

All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff(s) which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendants' behalf.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 18:

All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 19:

21

All written statements made by the Plaintiff(s) and/or Defendant(s) in the possession, constructive

possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 20:

All oral statements made by Plaintiff(s) and/or Defendant(s) which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 21:

All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant advise Plaintiffs accordingly and reduce such material to a tangible form).

RESPONSE:

## REQUEST FOR PRODUCTION NO. 22:

A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 23:

Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant(s), as a result of the accident which has been made the basis of Plaintiff's lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 24:

Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the accident made the basis of Plaintiffs' lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 25:

Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiffs' lawsuit.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 26:

Copies of any contracts or agreements between Defendant(s) and any vehicle maintenance or repair services in effect on September 30, 2013.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 27:

Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiffs' cause of action and may be used as demonstrative evidence at trial.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 28:

If not otherwise provided, please produce the following:
1.   Witness statements
2.   Party statements
3.   Police report
4.   Photographs of scene -- laser color copies
5.   Photographs of vehicles -- laser color copies
6.   Diagrams/maps of scene
7.   Repair invoices/estimates
8.   Medical bills, records, and reports related to Plaintiff(s)
9.   Wage loss records related to Plaintiff(s)
10.  Any materials generated by special investigations unit related to Plaintiff(s)
11.  Any surveillance materials of Plaintiff(s) or witnesses
12.  Colossus dissection forms/input data
13.  Colossus consultation report
14.  Information obtained from PIP/Med Pay insurer
15.  Copies of any investigative findings substantiating your denial of liability.
16.  Copies of any investigative findings substantiating your denial of the claim for damages.

## REQUEST FOR PRODUCTION NO. 29:

Produce all non-privileged correspondence that you have sent to or received from the Plaintiff(s), any insurance company or any third party that relate to or regard this incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 30:

Produce copies of all documents related to the cargo you were carrying at the time of the incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 31:

Produce copies of all logs, trip reports, trip envelopes, fuel receipts, accident reports, bills of lading, trip tickets, com.card receipts, expense records, and/or any other documents you were required to complete or turn in to your employer pertaining to the trip you were on at the time of the incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 32:

Produce copies of all driver's logs and Official Driver's Inspection Report book required to be kept by you and documenting your driving activity from September 30, 2011 to September 30, 2013.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 33:

Produce copies of all driver's logs and Official Driver's Inspection Report book required to be kept by you and documenting your driving activity from September 30, 2011 to September 30, 2013.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 34:

Produce copies of all written material provided to you in the past five years, by your employer, regarding safety, defensive driving, operation and use of vehicles, procedures to be followed in case of an accident; maintenance and/or inspection procedures.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 35:

Produce copies of your Driver Qualification & Identification Certificate card that you carried at the time of the incident and the card you currently carry.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 36:

Produce copies of all liability claim denials and all reservation of rights letters or other documents relating to the liability claims, offsets, and/or liability insurance coverage available to cover claims arising out of the incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 37:

Produce copies of your Application for Employment and any other documents pertaining to your employment with the company you were working for at the time of the incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 38:

All documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 38:

Produce copies of all documents related to JAMES STRICKLER's trip and cargo at the time of this incident in question.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 3⁹:

Produce copies of all logs, trip reports, trip envelopes, fuel receipts, accident reports, bills of lading, trip tickets, com card receipts, expense records, and/or any other documents that were turned in by JAMES STRICKLER from September 30, 2011 to September 30, 2013.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 40:

Produce copies of all driver's logs and Official Driver's Inspection Report books turned in by JAMES STRICKLER from September 30, 2011 to present.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 41:

Produce copies of all written material that you provide to employees regarding safety, defensive driving; operation and use of vehicles, procedures to be followed in case of an accident; maintenance and/or inspection procedures.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 42:

Produce JAMES STRICKLER's personnel file.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 43:

All documents related to the inspection, maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question from September 2011 to the present. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 44:

Produce all documents relating to any investigation, citation, or compliance review of your company from any local, county or state official or entity from September 2011 to the present.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 45:

Please produce all documents in your possession that the Plaintiff(s) signed or authored.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 46:

Produce all documents related to JAMES STRICKLER in your possession.

RESPONSE:

## XVII.

## TEXAS RULE OF CIVIL PROCEDURE 193.7

26

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendant may be used against each Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XVIII.

### JURY DEMAND

Plaintiffs requests that a jury be convened to try the factual issues in this case.

## XIX.

### PRAYER

Plaintiffs pray that citations be issued and Defendants be served, and upon trial on the merits, the Court enter judgment for Plaintiffs and against Defendants, for the relief pleaded in this Petition and for such other and further relief to which the Plaintiff is entitled.

Respectfully submitted,

VILLARREAL & BEGUM, PLLC
5826 IH-10 West
San Antonio, Texas 78201
Tel. (210) 233-6904
Fax. (210) 233-8278

Alexander Begum
State Bar No. 24031469
abegum@texaslegalgroup.com
Kacie Starr
State Bar No. 24060655
kacie@vblawgroup.com

27

COUNSEL FOR PLAINTIFF

# COURTESY NOTICE TO DEFENDANT(S) JAMES STRICKLER, EMPIRE EXPRESS, INC., and EMPIRE TRANSPORTATION, INC.

If you had insurance at the time of the accident, please forward a copy of this petition to your insurance company ***immediately***.

**Re:**

| | |
|---|---|
| **Insured:** | **EMPIRE EXPRESS, INC.** |
| **Claimant(s):** | **JUAN RODRIGUEZ & JORGE TORRES** |
| **Date of Loss:** | **01/02/2014** |

**Mr. Raul Garza**
Custard Insurance
Phone: **(956) 753-6444**
E-mail: rgarza@Custard.com
His File#: **149-002546**

**Ms. Michelle Villegas**
Cherokee Insurance
P.O. Box 159
Warren, Michigan 48090
Phone: **(800)814-3984**
Fax: **(586) 819-0436**
E-mail: mvillegas@cherokeeinsurance.com
Her File#: **AL108432**